# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: ) | |
| ) | |
| Canaan Resources, LLC ) | Case No. 20-13664 |
| ) | (Chapter 11) |
| ) | |
| Debtor. ) | |

## DECLARATION OF JOHN PENTON IN SUPPORT OF FIRST DAY MOTIONS AND APPLICATIONS

STATE OF OKLAHOMA )
                        ) ss
COUNTY OF OKLAHOMA)

John Penton, being of lawful age and first duly sworn, hereby deposes and states as follows:

1. I am making this affidavit/sworn declaration on the basis of direct personal knowledge.

2. I am Manager of Canaan Natural Gas Management, LLC, Manager of Canaan Resources, LLC.

3. I submit this declaration in support of Debtors' First-Day Motions in the captioned Chapter 11 case.

4. On November 13, 2020, the respective Board of Directors and/or Managers for the Debtor authorized the filing of its Chapter 11 bankruptcy petition. On November 17, 2020 (the 'Petition Date"), Debtor filed its voluntary Chapter 11 petition for relief.

5. Debtor continues in the possession of their properties and the management of their businesses as debtors-in-possession.

6. In order to enable Debtor to operate effectively and minimize adverse effects of the Chapter 11 filing, Debtor has filed or will be filing the First Day Motions on the Petition Date or soon thereafter and have requested certain expedited relief.

## I. THE BACKGROUND OF THE DEBTOR

7. Debtor owns and operates oil and gas properties in the State of Oklahoma. Debtor has operated working interest in approximately 279 wells. Debtor has non-operated working interest in approximately 380 wells. These wells are located in Pittsburg, Hughes, McIntosh, Coal, and Atoka Counties, Oklahoma. Debtor employs approximately 16 people.

## II. FIRST DAY MOTIONS

8. The Debtors are filing approximately three (3) First Day Motions:

   (a) EMERGENCY MOTION TO USE CASH COLLATERAL;

   (b) EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS PROVIDING ADEQUATE ASSURANCE OF UTILITY PAYMENTS; and

   (c) EMERGENCY MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363 AND 507, (I) AUTHORIZING PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS AND RELATED AMOUNTS, (II) CONFIRMING RIGHT OF DEBTORS TO CONTINUE EMPLOYEE PROGRAMS ON POST-PETITION BASIS, (III) CONFIRMING RIGHT OF DEBTORS TO PAY WITHHOLDING AND PAYROLL RELATED TAXES AND (IV) DIRECTING BANKS TO HONOR PRE-PETITION CHECKS FOR EMPLOYEE OBLIGATIONS.

   **A. CASH COLLATERAL**

9. Prepetition, JP Morgan Chase (the "Pre-Petition Lender") asserts a claim against Debtor in the approximate amount of $20,000,000.00 secured by substantially all of debtor's assets, including the proceeds therefrom.

   **(a) CASH COLLATERAL**

9. Debtor acknowledges, that its cash, including, without limitation, all cash and other amounts on deposit or maintained in any account or accounts by the Debtor, and any amounts generated by the collection of accounts receivable, the sale of inventory, or other disposition of Pre-Petition Collateral, may constitute proceeds of the Pre-Petition Collateral and, if so, are cash collateral of the Pre-Petition Lenders.

10. The Pre-Petition Lenders are entitled to adequate protection of their interests in the Pre-Petition Collateral, in an amount equal to the sum of, without duplication, the aggregate amount of diminution in value of the Pre-Petition collateral, whether by depreciation, use, sale, loss, decline in market price, the imposition of the automatic stay, the priming of the Pre-Petition Liens, or otherwise.

11. Offer of adequate protection as reflected in the Motion to Use Cash Collateral protects the interest of the Pre-Petition Lenders.

**(b)   BUSINESS JUDGMENT AND GOOD FAITH**

12. The terms of the proposed use of Cash Collateral is fair, just, and reasonable under the circumstances. They are ordinary and appropriate for secured financing to and for debtors-in-possession. They reflect the Debtor's exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

**(c)   ADEQUATE PROTECTION**

13. Debtor has offered adequate protection including, without limitation, a replacement lien, subject only to prior non-avoidable liens, in all of Debtor's assets, excluding only causes of action arising under chapter 5 of the Bankruptcy Code.

**(d)   IMMEDIATE ENTRY**

14. The Debtors request immediate entry of the Order. The relief requested therein (to use Cash Collateral) is necessary to avoid immediate and irreparable harm to the Debtor. Good cause exists for the entry of the Order. Among other things, entry of the Order is necessary to avoid immediate disruption of and possible cessation of the Debtors' businesses and operations and permit them to meet payroll and other operating expenses, obtain needed supplies and retain customer and supplier confidence by demonstrating an ability to maintain normal operations, and facilitate their Chapter 11 goals and maximize the value of their assets and estate.

B. **Pre-petition Employee Claims**

15. In order to maintain continuity and maximize the value of Debtor's assets and the return to creditors it is critical that Debtor to pay, continue or otherwise honor pre-petition obligations (collectively, the "Pre-petition Employee Obligations") to or for the benefit of its current employees (collectively, the "Employees") for salaries and other compensation and benefits under all plans, programs and policies implemented by the Debtor prior to the Petition Date (as set forth below, the "Employee Programs"). The Debtor seeks immediate authority to make payments to Employees on account of Pre-petition Employee Obligations.

C. **Limit Notice**

16. It is adequate and in the best interest of the bankruptcy estate that notice of the First Day Motions herein be provided by e-mail, facsimile, or overnight delivery and limited to: (a) the Office of the United States Trustee for the Western District of Oklahoma, (b) all known or alleged secured creditors, (c) the 20 largest unsecured non-insider creditors of the Debtor, (d) all known shareholders holding over 5% of a class of equity interests of the Debtor, (e) all of the Debtor's professionals, (f) all members of any official committee of unsecured creditors that may be appointed, (g) counsel for, and any professionals retained by, any official committee of

unsecured creditors that may be appointed, (h) the United States Attorney's Office for the Western District of Oklahoma, (i) the Internal Revenue Service, (j) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (k) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules of this Court. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtor that may ensue if the relief requested is not granted, the Debtor submits that no further notice need be given and that the notice provided by the Debtor is sufficient.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief.

EXECUTED on November 17, 2020.

/s/ John Penton
John Penton

854164;03418