UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                    )
                                          )
Canaan Resources, LLC,                    )   Case No. 20-13664-JDL
                                          )   (Chapter 11)
                                          )
Debtor.                                   )

**DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE, BRIEF IN SUPPORT THEREOF, NOTICE OF OPPORTUNITY FOR HEARING, AND NOTICE OF HEARING, IF NECESSARY**

**NOTICE OF OPPORTUNITY FOR HEARING**

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 21 days from the date of filing this request for relief. You should also serve a file-stamped copy of your response or objection to the undersigned Stephen J. Moriarty and parties listed on the Mailing Matrix and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 21-day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

**NOTICE OF HEARING (IF NECESSARY)**

You are hereby notified that the Application is set for hearing on January 21, 2021 at 1:30 p.m. before the Honorable Janice D. Loyd, 2nd Floor Courtroom, United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Ave., Oklahoma City, OK.

Canaan Resources, LLC, as debtor and debtor-in-possession ("Debtor"), files this Motion

to Dismiss Chapter 11 Case (the "Motion") pursuant to §1112(b) of Title 11 of the United States

Code, §§ 101, et. seq. (the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully represents as follows:

## PROCEDURAL BACKGROUND

1. The Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on November 17, 2020 (the "Petition Date") in the United States Bankruptcy Court for the Western District of Oklahoma.

2. Since the Petition Date, the Debtor has continued to operate its business pursuant to Bankruptcy Code Sections 1107 and 1108. To date, no trustee or examiner has been appointed and no official committees have been established in this case.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

4. Debtor owns and operates oil and gas properties in the State of Oklahoma. Debtor has operated working interests in approximately 279 wells and non-operated working interests in approximately 380 wells. These wells are located in Pittsburg, Hughes, McIntosh, Coal, and Atoka Counties, Oklahoma (the "Debtor Wells").

5. JP Morgan Chase asserts a claim against Debtor in the approximate amount of $20,000,000.00 secured by substantially all of debtor's assets and the proceeds therefrom including, but not limited to the Debtor Wells.

6. Prior to the Petition Date JP Morgan Chase filed a foreclosure action against Debtor and a related entity, Canaan Resources X, LLC ("Canaan X"), in Pittsburg County, Case

No. CJ-20-191 (the "State Court Litigation"). JP Morgan Chase also sought the appointment of a receiver in the State Court Litigation.

7. Canaan X owns operated and non-operated working interests in wells contiguous to and in the same geographic area as the Debtor wells (the "Canaan X Wells").

8. Debtor had begun to initiate a Section 363 sales process for the Debtor Wells in this case.

9. Efforts were made to obtain funding that would have enabled Canaan X to file a Chapter 11 case with the ultimate goal of a consolidated sales process for the Debtor Wells and the Canaan X Wells. These efforts were not successful.

10. On December 14, 2020 David Payne was appointed receiver for Canaan X in the State Court Litigation.

11. In the interest of cost and efficiency a single sale process should be conducted for the Debtor Wells and the Canaan X Wells.

## RELIEF REQUESTED

12. The Debtor requests entry of an order dismissing its case pursuant to section 1112(b).

## ARGUMENT AND AUTHORITIES

13. Section 1112(b) of the Bankruptcy Code provides that, upon request by a party in interest, a court may dismiss a case for "cause" after notice and a hearing. While it is uncommon for a debtor to seek dismissal of its own case, section 1109(b) provides that a debtor is a party in interest and thus eligible to seek relief under section 1112(b). *In re The Adbrite Corp., 290 B.R. 209, 214* (Bankr. S.D.N.Y. 2003). The analysis under section 1112(b) generally involves a two-step process: first, the court must determine whether "cause" exists for conversion or dismissal

and, if it does, the court must then decide, in its discretion, whether to dismiss the chapter 11 case. *Id.*

14. Section 1112(b)(4) contains a list of 16 examples of "cause." Case law, however, makes clear that "the list of grounds for converting or dismissing a Chapter 11 case under 1112(b) is illustrative, not exhaustive, and the court may consider other grounds and use its equitable powers to reach an appropriate result." *Adbrite, 290 B.R. at 217; See* 7 *Collier on Bankruptcy*, ¶1112.01[2].

15. The court has authority under section 1112(b) to use its equitable powers to dismiss the case if the facts and circumstances of the case justify such dismissal. *Adbrite, 290 B.R. at 217*. Upon dismissal of this case the parties can return to the State Court Litigation and JP Morgan can seek the appointment of Mr. Payne as receiver to oversee a sales process for the Debtor Wells and the Canaan X Wells. Such a process would be less costly and more efficient. Therefore, based on the totality of the circumstances, the court should use its equitable powers to dismiss Debtor's chapter 11 case.

16. **A hearing on the Motion has been set for January 21, 2021 at 1:30 p.m. before the Honorable Janice D. Loyd, United States Bankruptcy Judge, 215 Dean A. McGee Ave., 2nd Floor, Oklahoma City, Oklahoma. Objections to the Motion must be filed and served not more than twenty-one (21) days after the Motion is filed. If no timely objections are filed, the Court may strike the hearing and grant the requested relief without further notice or a hearing.**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order dismissing the chapter 11 case and for such further relief as it deems just and equitable.

*/s/ Stephen J. Moriarty*
Stephen J. Moriarty, OBA #6410
FELLERS, SNIDER, BLANKENSHIP,
　BAILEY & TIPPENS, P.C.
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102
Telephone: (405) 232-0621
Facsimile: (405) 232-9659
E-Mail: smoriarty@fellerssnider.com

**PROPOSED ATTORNEYS FOR DEBTOR**

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to all registered participants.

This is to certify that a true and correct copy of the foregoing was mailed via first-class mail on the 16th day of December, 2020 to the attached Mailing Matrix.

/s/ Stephen J. Moriarty
Stephen J. Moriarty

855853;03490